NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2023 CA 1306

GWENDOLYN TAMMY HEMPHILL, INDIVIDUALLY, AND AS THE NATURAL MOTHER OF NOAH HEMPHILL, AND PATRICIA HEMPHILL, WIFE OF/AND MICHAEL HEMPHILL, INDIVIDUALLY, AND ON BEHALF OF THE MINOR, NOAH HEMPHILL

VERSUS

CHRISTA SMITH, WIFE OF/AND JULIUS J. SMITH AND ST. TAMMANY PARISH HOSPITAL

*DATE OF JUDGMENT:*   JUL 2 3 2024

ON APPEAL FROM THE TWENTY SECOND JUDICIAL DISTRICT COURT PARISH OF ST. TAMMANY, STATE OF LOUISIANA NUMBER 2008-14129, DIVISION H

HONORABLE ALAN A. ZAUNBRECHER, JUDGE

* * * * * *

Shawn C. Reed
Kyle T. Del Hierro
Covington, Louisiana

Jacques F. Bezou, Sr.
Jacques Bezou, Jr.
Covington, Louisiana

Margaret H. Kern
Covington, Louisiana

Counsel for Plaintiff-Appellant
Patricia Hemphill, individually and on behalf of the minor, Noah Hemphill

Counsel for Defendant-Appellee
St. Tammany Parish Hospital Service District No. 1

* * * * * *

BEFORE: GUIDRY, C.J., CHUTZ, AND LANIER, JJ.

Disposition: AFFIRMED.

**CHUTZ, J.**

Plaintiff-appellant, Patricia Hemphill, individually and on behalf of Noah Hemphill as his custodial grandparent,[1] appeals the trial court's summary judgment dismissal of her claims against defendant-appellee, St. Tammany Hospital Service District No. 1 (STPH), averring entitlement to damages for STPH's failure to report an earlier incident of an alleged child abuse or neglect of an infant. We affirm.

The factual and procedural background of this case has been fully set forth in this court's earlier opinion and will not be reiterated except to the extent necessary to support our disposition. See *Hemphill v. Smith*, 2020-0795 (La. App. 1st Cir. 7/22/21), 328 So.3d 1224, 1227-1229, writ denied, 2021-01286 (La. 11/17/21), 327 So.3d 997 (*Hemphill I*). In *Hemphill I*, this court affirmed the trial court's summary judgment dismissal of EmCare, Inc., EmCare Physician Services, Inc., and EmCare Physician Providers, Inc. (collectively EmCare), whom Patricia named as defendants, averring EmCare was vicariously liable for the actions and omissions of its employee, Dr. Catherine Speights, pursuant to a contract for the provision of physician staffing and/or services for the emergency department entered into between EmCare and STPH. *Id.*, 328 So.3d at 1234.

A companion summary judgment dismissal of STPH was reversed by this court for STPH's failure to establish that the facts upon which it relied were not genuinely in dispute. In reaching this conclusion, the *Hemphill I* court pointed out that STPH failed to cite to or rely upon any exhibits in support of its motion and did not submit even Patricia's petition or its amendments and supplementations. Thus, on its de novo review, the *Hemphill I* court was constrained to conclude that STPH failed its initial burden of proof. *Id.*, 328 So.3d at 1235.

_____

[1] Although the petition includes additional parties-plaintiffs, only Patricia has appealed.

2

STPH subsequently filed another motion for summary judgment wherein it attached many of the same exhibits EmCare had attached to its motion. STPH again asserted entitlement to summary judgment dismissal of Patricia's claims. After a hearing, the trial court granted the motion, rendering judgment in favor of STPH and dismissing Patricia's claims with prejudice. Patricia appealed.[2]

On appeal, Patricia maintains that the breach of STPH's duty to report as suspected child abuse the injuries of L.M., the four-month-old infant who sustained a non-dislocated skull fracture while in a daycare, was a foreseeable cause of the injuries to her toddler grandson, Noah Hemphill, fourteen months later while he was cared for in the same daycare facility by the same caretaker. In support of her assertion, Patricia offered into evidence an affidavit of Tammy Rester, which was not submitted in response to EmCare's earlier motion for summary judgment, noting that the *Hemphill I* court had observed, "when specifically asked whether Noah was routinely in the household and under the care of [the same caretaker] in September 2004 when L.M. was injured, Patricia's multiple responses were less than clear." *Id.*, 328 So.3d at 1233. With Rester's affidavit, Patricia avers that she has put forth evidence to support a finding of a sufficient nexus between the unreported abuse or neglect of L.M. and the subsequent harm to Noah so as to establish that STPH is liable to Patricia.

In her affidavit, Rester attested that she was an "off and on" former employee of Patricia's for approximately 30 years. After February 2004, when Noah began living with Patricia on a full-time basis, Rester recalls Christa Smith, Patricia's former employee who was married to Julius Smith, offered Julius's

---

[2] On a motion for summary judgment, it is axiomatic that the initial burden of proof is on the mover. Once the mover properly establishes the material facts by its supporting documents, the mover is not required to negate all of the essential elements of the adverse party's claims, actions, or defenses. Rather, the mover is only required to point out that there is an absence of factual support for at least one essential element of the adverse party's claim, action, or defense. See La. C.C.P. art. 966(D)(1). Thereafter, the burden shifts to the non-moving party to produce factual support to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. See *Hemphill*, 328 So.3d at 1230.

3

daycare services for Noah on a regular basis. Rester stated that as part of her duties as a clerical worker for Patricia, Rester watched Noah and coordinated transfers of the toddler to Julius for daycare services at least three times per week from February 2004 through November 2005.

Since L.M. sustained the non-displaced skull fracture and was treated in STPH's emergency department in September 2004, Rester's affidavit constituted evidence that Noah was using the same daycare facility where L.M. was injured at the time she was injured. In multiple assignments of error, Patricia maintains that genuine issues of material fact exist regarding foreseeability and causation given the evidentiary support for a finding that Noah was a child using the same daycare with the same caretaker when L.M. was injured. Patricia suggests that had STPH reported L.M.'s injuries as suspected child abuse or neglect, an investigation would have ensued and Noah would have been removed from the daycare environment during the course of the investigation. She further asserts that if Noah had been removed from Julius's care when L.M.'s injuries occurred, as Noah's guardian, she would have been placed on notice of Julius's suspicious conduct. According to Patricia, STPH's failure to report the suspected child abuse or neglect, therefore, deprived her of the opportunity to take appropriate measures to assure Noah's wellbeing.

Solely for the purpose of a legal cause determination, we will assume a breach of duty which is the cause-in-fact of Patricia's damages. Therefore, we will assume that by failing to report the suspected child abuse of L.M. in September 2004, STPH breached a duty and that this breach was the cause-in-fact of Patricia's damages, i.e., that Noah's injuries would not have happened but for STPH's failure to report the suspected child abuse of L.M. But it is not enough to say that if STPH had reported the suspected abuse of L.M., Noah would never have been injured.

4

There must be something more; there must be a closer connection between STPH's failure to act and Noah's injuries. See *Hemphill*, 328 So.3d at 1234.

To have legal causation (a necessary element of the duty-risk analysis), a proximate and substantial relation between STPH's conduct and the harm which Noah experienced must exist. Thus, the appropriate question is whether the failure of STPH to report the suspected abuse of L.M. in September of 2004 is proximately and substantially related to Noah's abuse and injury in November of 2005. Based on our de novo review of the undisputed facts of this case, we conclude that Patricia's claims fail to complete the causal chain, the nexus, foreseeability, and ease of association necessary to find liability on STPH. *Id.*

Assuming that STPH owed a duty to Noah under these circumstances, Patricia has failed to show that she can establish a specific duty owed to Noah by STPH at the time of L.M.'s injury in September 2004. Whether phrased in terms of scope of duty or legal cause or proximate cause, it can be useful to consider whether "too much else has intervened -- time, space, people, and bizarreness." *Id.*, (quoting *Paul v. Louisiana State Employees' Group Benefit Program*, 99-0897 (La. App. 1st Cir. 5/12/00), 762 So.2d 136, 143).

There are simply too many uncertainties and assumptions that must be made as to whether the reporting of suspected abuse or neglect of L.M. would have prevented Noah's devastating injuries over one year later, including whether the report would have been classified at a level of risk necessary for the initiation of a prompt investigation;[3] whether, if reported, Patricia would have known that Julius

---

[3] See La. Ch.C. art. 612(A)(1) & (2) (requiring that the Department of Children and Family Services [formerly the Department of Social Services under La. Acts 1991, No. 235, § 6] promptly assign a level of risk to the child based on the information provided by the reporter of abuse or neglect of a child, and mandating the prompt investigation of reports of high and intermediate levels of risk). See also La. Acts 1999, No. 1355, § 1 which was in effect in September 2004.

was suspected of child abuse or neglect of L.M.; and whether Patricia would have left Noah in Julius's care. *Id.*

Therefore, assuming as we must for purposes of our de novo review that Rester's affidavit establishes Noah was in Julius's care at least three days a week in September 2004 when L.M. sustained injuries, as the *Hemphill I* court did insofar as the treating physician's employer, we conclude that the connection between the failure to report suspected child abuse or neglect of L.M. in September of 2004 and Noah's injuries in November of 2005 is simply too attenuated to support a finding of legal cause in this case.[4] Thus, the trial court correctly granted summary judgment in favor of STPH, dismissing Patricia's claims against it.[5]

## DECREE

For these reasons, we affirm the trial court's summary judgment dismissal of St. Tammany Parish Hospital Service District No. 1. Appeal costs are assessed against plaintiff-appellant, Patricia Hemphill, individually and on behalf of Noah Hemphill.

**AFFIRMED.**

---

[4] As such, whether an investigation was performed as to L.M.'s injuries and whether Christa's relationships as a part-time nurse working at STPH and as Julius's wife affected STPH's decision not to report L.M.'s injury are not outstanding issues of material fact sufficient to preclude STPH's summary judgment dismissal. See *Johnson v. Knight*, 2023-1267 (La. App. 1st Cir. 6/14/24), --- So.3d ----, ---- ("A fact is material if it potentially ensures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. A genuine issue of material fact is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate.").

[5] Although Patricia averred that STPH was vicariously liable for Christa's alleged influence on STPH's decision not to report L.M.'s injuries as suspected child abuse or neglect, on appeal she has not raised any assertions challenging the trial court's implicit dismissal of that claim and, thus, it is final.